ACCEPTED
04-14-00151-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/9/2015 4:33:20 PM
KEITH HOTTLE
CLERK

No. 04-14-00151-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/9/2015 4:33:20 PM
KEITH E. HOTTLE
Clerk

TANITA F. KEHOE,
SCOTT KEHOE
THOMAS DAVID WHITE, JR.
Appellants

vs.

EDWARD and HELEN
CLOUSE
Appellees

IN THE COURT

OF APPEALS

THE FOURTH DISTRICT,

SAN ANTONIO, TEXAS

MOTION FOR REHEARING EN BANC

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Tanita Kehoe and Thomas David White, Jr. Appellants, request this Court to reconsider en banc the panel's disposition of Appellants' Issues 1, 2, 3, 4, 5, 8 and 9 and render judgment for Appellants on those Issues or reverse and remand those Issues for trial and would show as follows:

The panel's decision holds 1. deeds make no difference, 2. juries construe and interpret unambiguous deeds, 3. an unambiguous deed can be enlarged or varied to include land not included in the unambiguous deed, 4. a person can obtain title to real property based on a jury verdict that the grantor intended to convey the land to him even if his deed unambiguously does not include the property, 5. the only requirement is that there is a "dispute" about who owns the property, 6. a jury instruction proper for one deed and one party is proper for all deeds and all parties. Maybe the members of this Court will read the opinion and briefs and judge for yourself if this is hyperbole or exaggeration. Maybe not. But if this Court is going to make such a holding, every member of this Court should at least have the opportunity to review it.

Page 1

I apologize for the tone and possible lack of civility of this Motion. I have spent too much time in too many courtrooms, including clerking for an appellate judge, to believe that any appeal is likely to succeed. Power is exercised for many reasons. But both I and my clients did expect this Court to address Appellants' arguments and consider the cited precedent. Given the Court's opinion, little is likely to be lost by speaking plainly.

This Court affirmed part of the judgment without permitting oral argument. Apparently this Court concluded that this case did not merit an hour of the Court's time for oral argument. The land in dispute was part of a larger tract of land that was Appellants' parents only significant material possession. Right or wrong, Appellants will always believe their parents' land was stolen. With all due respect, this case was as important as any case between corporations or political donors who argue their cases every Wednesday. Having said that, it is highly unlikely this inadequate lawyer would have said or done anything at oral argument that would have made any difference. But at least David White and Tana Kehoe might have believed they had the same chance as the important people.

With all due respect, this Court either missed or ignored the essence of this appeal. Perhaps Appellants' brief was inadequate. Appellants will try again:

> 1. Juries don't construe or interpret unambiguous deeds.
>
> 2. Evidence outside the four corners of an unambiguous deed is irrelevant and cannot support a judgment awarding real property that is not included in the unambiguous deed.
>
> 3. The Clouse deed is unambiguous. This Court had a duty to determine whether the Clouses deed was ambiguous or unambiguous and so state in its opinion.

This Court stated:

> "The interpretation of an unambiguous deed is a question of law. Page

6, Court's opinion

Other courts stated:

"The construction of an unambiguous deed is a question of law for the court. Altman v Blake 712 S.W.2d 117, 118 (Tex. 1986). The primary duty of a court when construing such a deed is to ascertain the intent of the parties from all the language in the deed by a fundamental rule of construction known as the "four corners" rule." Luckel v White, 819 S.W.2d 459, 461 (Tex. 1991).

"The construction of an unambiguous deed is a question of law for the court, and the primary duty of the court in construing a deed is to ascertain the intent of the parties from all the language in the deed within the four corners of the instrument." Gordon v West Houston Trees Ltd., 352 S.W.3d 32, 43 (Tex. App. Houston, First District 2011).

"All the authorities, both from textbooks and from the Texas Reports, cited by counsel for defendants in error, are applicable to cases where it is permissible to prove intention of parties in making a deed. Necessity for such proof exists only where the terms of the deed are not clear, and proof outside the deed is therefore necessary to identify the subject of the conveyance. They have no application where the deed is clear and unambiguous in its terms, as is the deed under consideration in this case."

"Undoubtedly those facts are very persuasive in indicating Walton's intention, and the belief of Hitchcock and Groesbeck, but neither the intention of one nor the belief of the others can change the legal meaning of plain language, or be perpetuated as notice by record."

"What Walton did, not what he intended to do, must control the situation. If this were not true, the effect would be, as Justice Williams says in Davis v George, supra, to virtually repeal the statutes regulating the conveyance of lands." Scheller v Groesbeck 231 S.W. 1092, 1094, 1095 (Comm. Of App. 1921, Judg't adpt.).

"Both on its face and in its application to the ground, the description is clear and unambiguous and identifies as the land conveyed the 10 acres in dispute. It is too well settled to admit of doubt that such a

by evidence tending to show an intention different from that which its language expresses." Davis v George 134 S.W. 326, 328 (Tex. 1911).

"It is not the unexpressed intention which the parties may have had concerning the subject matter of their transaction which is of controlling effect, but rather the intention which by said instrument they did express. The real intention is immaterial if not expressed." U.S. Enterprises v Dauley 535 S.W.2d 623,630 (Tex. 1976).

If the Clouse deed is unambiguous, the jury cannot construe it and extrinsic evidence (evidence outside the four corners of the Clouse deed) cannot be the basis of the Judgment awarding the 0.21 acres to Appellees. This fundamental proposition and the precedent it is based on was either ignored or not followed by this Court.

The Court's opinion states "We disagree," but this Court never states that the Clouse deed is ambiguous. The only explanation given by the Court is that a "dispute" existed about the 0.21 acres.

"Because a dispute[1] existed as to whether either deed encompassed the 0.21 acre tract of land, one of the disputed issues became the identity of the party to whom the Turleys intended to convey the 0.21 acre tract if the jury determined that neither deed encompassed the 0.21 acre tract of land." Page 6, Court's Opinion

Is this Court holding that any time there is a "dispute" about ownership of land, the intent of the grantor and grantee can be determined by extrinsic evidence, i.e. evidence outside the four corners of an unambiguous deed? If so, it makes no difference if the deed is ambiguous or unambiguous. The only requirement is a "dispute." That holding overrules a hundred years of precedent and deeds become irrelevant. All you need to get a "disputed" piece of property is an unrecorded contract of sale or the testimony of an octogenarian about events that occurred 50 years ago. If this Court seriously believes this is or should be the law, it should cite precedent or at least explain its rationale.

---

[1] No dispute existed. Appellees never claimed that the Clouse deed included the 0.21 acres. P. 49, Vol. 5 R.R., C.R. 184, C.R. 376.

This Court has followed Texas Supreme Court precedent and held that a "dispute" about the interpretation of a deed does not create an "ambiguity" in the deed.

> However, an ambiguity does not arise merely because the parties advance conflicting interpretations of the deed's language; instead, for an ambiguity to exist, both interpretations must be reasonable. Hausser v Cuellar 345 S.W.3d 462, 467 (Tex. App.- San Antonio 2011, pet. denied).

Further, if juries don't interpret or construe unambiguous deeds and the Clouse deed was unambiguous, how could the jury "determine that neither deed encompassed the 0.21 acre tract of land?" Juries don't decide whether land is included in a deed if the deed is unambiguous. Luckel v White, supra

This Court's opinion continues:

> The jury resolved this disputed issue in answering the question submitted in the charge. That disputed issue would not have been resolved by the jury answering the question requested by the appellants. If the jury answered "no" to the requested question, the issue of whether the 0.21 acre tract had been conveyed to the Clouses would not have been resolved. Accordingly, because the question submitted by the trial court fairly placed the disputed issues before the jury, the trial court did not abuse its discretion in submitting the question.

Again, this Court seems to be saying that a judge can submit a jury issue if it "fairly places the disputed issues before the jury" even if 100 years of precedent hold that the issue is not proper.

This Court is wrong to suggest that a "no" answer to Appellants' requested jury issue would not have resolved this case. Appellants had the burden to prove title to the 0.21 acres in their trespass to try title case. If Appellants failed, Appellees would have been awarded the 0.21 acres.

> "Petitioners general plea in trespass to try title and respondent's plea of not guilty put in issue the title to the entire 1/8th mineral interest, and the effect of the "take nothing" judgment was, as between the parties, to divest all title to the entire interest out of petitioner, Halbert, and vest the same in respondents, Green," Halbert v Glenn,

293 S.W.2d 848, 851 (Tex. 1956); see also, Permian Oil Co. v Smith, 73 S.W.2d 490 (Tex. 1937).

> "It is incumbent upon the plaintiff to discharge the burden of proof resting upon him to establish superior title. Upon the failure of a plaintiff to establish superior title in a trespass to try title suit, the proper course is for the trial court to enter a "take nothing" judgment. A take nothing judgment in a trespass to try title suit operates to divest the plaintiff of all its title to its interest in the lands in controversy and to vest the same in the defendants." Glenn v Lucas 376 S.W.3d 268, 274 (Tex. App.-Texarkana 2012); see also, Tipps v Charro Exploration Co. 2014 Tex. App Lexus 1061 (Tex. App.-Texarkana 2014); Dudley v Johnson 2014 Tex. App. Lexus 9071 (Tex. App. Texarkana 2014); Kendrick v Tidewater Oil Co. 397 S.W.2d 122 ( Tex. App.-Tyler 1965, writ ref'd n.r.e.)

This Court also refers to the testimony of the surveyors that the White deed did not include all of the .21 acres. So what. How does that make the Clouse deed ambiguous? Both surveyors testified that the Clouse deed was unambiguous. P. 92, lines 8-22, Vol. 3, R.R.; P. 93, lines 9-15, Vol. 3, R.R.; P. 184, line 6 – P. 186, line 2, Vol. 3, R.R.

This Court had a duty under Luckel v White, supra, its predecessors and progeny, to review de novo the Clouse deed to determine if the Clouse deed was ambiguous or unambiguous.

> "The construction of an unambiguous deed is a question of law for the court to decide de novo." Graham v Prochaska, 429 S.W.3d 650, 654 (Tex. App.-San Antonio-2013); see also, Millican DPC Partners, LP v McGregor Trust, 433 S.W.3d 67 (Tex. App.-San Antonio 2014, rev'd on other grounds 2015 Tex. Lexis 270 (Tex. 2015) (emphasis supplied)

If this Court determined the Clouse deed was unambiguous, this Court had a further duty to determine if the language within the four corners of the Clouse deed supported an "intention" of the Turleys to convey the 0.21 acres to the Clouses. Extrinsic evidence is irrelevant and has no probative value. If this Court concluded that the Clouse deed was unambiguous and the language within the four corners of the Clouse deed did not support an "intention" of the Turleys to convey the 0.21 acres to the Clouses,

a contrary jury verdict is irrelevant and cannot support the judgment. This Court didn't follow Luckel v White, supra, its predecessors and progeny. Or, if it did, the opinion doesn't articulate the analysis. A "dispute" is not a substitute for that analysis. Also, this Court never addressed or answered Appellants' First Issue:

> "The trail court erred in granting judgment for Appellees based on the Jury's Answer to Question #1, Court's Charge because Appellees deed was unambiguous and did not include the .021 acres."

The larger point is not that this Court is wrong. Appellants' lives will go on without the 0.21 acres and they will not be paying the loan for the next twenty years that financed the appeal bond. The disheartening point is that the Court's opinion suggests this Court didn't understand, didn't care or didn't want to be bothered.

Maybe this Court did conclude the Clouse deed was ambiguous. If that is the basis of the Court's opinion, shouldn't that be stated and explained in the opinion.[2] But how could this Court or any court conclude that the Clouse deed was ambiguous. The Clouse deed described the southern boundary of Appellees' property with numerical surveyor bearings.

> Thence: Along the southerly line of Upper Cibolo County Road, and along an old fence; the following: N. 78 deg. 09' W. 259.80 feet; N. 89 deg. 48' W. 150.80 feet; S. 74 deg. 49' W. 169.80 feet to a 1/2 inch iron rod in an old fence corner marking the northwest corner of this tract. Clouse Deed Exhibit 8, Vol. 6, R.R.

The Clouse survey, Ex. 2, Vol. 6, R.R. shows the fence line and the surveyor's bearings. The Clouse deed did not include the 0.21 acres. The Clouse southern boundary, according to the Clouse survey and deed, Ex. 2 and 8, Vol. 6, R.R. is 20 to 30 feet south of Upper Cibolo Creek Road, the northern boundary of the 0.21 acres. Both surveyors testified the Clouse deed was unambiguous and did not include the 0.21 acres. P. 92, Vol. 3, R.R.; P. 93, Vol. 3 R.R.; P. 184, Vol. 3, R.R. Appellees didn't plead

---

[2] The author of this opinion thought an explanation of the construction of a deed was important enough to write a dissent in Hausser v Cuellar, 345 S.W.3d 462 (Tex. App.-San Antonio-2011 pet. denied).

that the Clouse deed was ambiguous. That fact alone merits reversal based on this Court's precedent.

> "Following the Crozier analysis, we find it was error to allow the jury to construe the deed in the absence of pleadings on ambiguity. We also find that the submission to the jury was erroneous because the deed is unambiguous as a matter of law and pass ownership of the 2.2 acres through the Terrell's chain of title." Terrell v Tuckness 985 S.W.2d 97,102 (Tex. App. San Antonio 1998); see also Media Brokers v A.H. Belo Corp 2000 Tex. App. – Lexis 8371 (Tex. App. Dallas, 2000 pet. denied).

Appellees never presented any evidence at trial that the Clouse deed was ambiguous. Nor did

Appellees submit proposed jury instructions on deed ambiguity, i.e. "intention." Appellees admitted

in their pleadings that the Clouse deed didn't include the 0.21 acres.

> "Inexplicably, the Warranty Deed with Vendor's Lien executed by the Turleys failed to include a small .21 acre strip of land subdivided between Upper Cibolo Creek Road and the property conveyed to the Clouses." Third Amended Answer and Counterclaim of Edward and Helen Clouse, Para 3.2 CR 184.

> "The .21 acres, at issue here, was not included in either party's deed..." Defendant's Response to Plaintiffs' Motion For New Trial, Para 9 CR 376.

Appellees' attorney stated in final argument that the Clouse deed did not include the 0.21 acres.

> "So, the other answer to his question is, what happened to the .21? Well, my client has always acknowledged it's not in his deed. He's not going to lie and come in here and say he owns it when he doesn't..." P. 49, lines 13-17, Vol. 5, R.R.

> "He's always acknowledged, because he's truthful about it, that his deed says what it says. What he got does not include that property." P. 49, line 24 - P. 50, line 1, Vol. 5, R.R.[3]

---

[3]If this Court had permitted oral argument, maybe someone would have asked Mr. Miller if the Clouse deed was ambiguous and included the 0.21 acres.

<u>If the 0.21 acres was not included in the Clouse deed, what is the legal basis for Appellees' claim to the 0.21 acres</u>?  Does this Court seriously suggest that all that is required is a "dispute?"

The Judgment, prepared by Appellees, states the 0.21 acres was not included in the Clouse deed.

> "being an apparent strip of land located <u>between</u> a 16.9221 acre tract
> conveyed to Edward A. Clouse and wife, Helen Clouse described in
> Vol. 89, Page 408 – Kendall County Deed Records and a 32.922 acre
> tract conveyed to the White Trust described in Vol. 492, Page 742
> Kendall County Official Records.  CR 342 (emphasis supplied)

Maybe this Court believed that the conflict in the surveyors calls on the eastern boundaries of the Clouse and White deeds created an ambiguity in the Clouse deed.

> "There is a presumption, of course, that McBride actually surveyed
> all the lines he called for, including the west line of Liberty 9.  This
> presumption generally serves the useful purpose of making a junior
> survey conform to the boundaries of the adjoining senior survey and
> thus avoiding a vacancy or conflict.  It must always be used with due
> regard for the rule that the recitals in junior surveys cannot be admitted
> to create an ambiguity in the calls, or change the location, of a senior
> survey." Kirby Lumber Co. v Lindsey, 455 S.W.2d 733 (Tex. 1970).

> "As regards the calls and recitals in junior surveys it is well established
> as a general rule that these cannot be admitted "to create an ambiguity
> in the calls of the senior survey" or "to change the location of the
> senior survey." Humble Oil and Refining Co. v State, 162 S.W.2d 119,
> 133 (Tex. 1942).

The Clouse deed was signed in 1965.  The White deed was signed in 1969.

If the Court believes the Clouse deed is ambiguous, Appellants respectfully requests, pleads, grovels and begs this Court to explain how the Clouse deed could be ambiguous.

This Court also ignores the doctrine of estoppel by deed, cited on page 25 and 26 of Appellants' brief, i.e. a party cannot dispute the boundaries in his deed.

> "Estoppel by deed, or sometimes called estoppel by contract or

estoppel by reference, provides that a party to a contract or deed may not, at a later date, take a position inconsistent with its provisions, to the prejudice of another." Estate of Trevino v Melton 2009 Tex. App.-Lexis 4084 (Tex. App.-San Antonio 2009); see also, Moore v Energy States Inc., 71 S.W.3d 796 (Tex. App.-Eastland. 2002 pet. denied); XTO Energy Co. v Nikolai, 357 S.W.3d 47 (Tex. App.-Ft. Worth 2011, pet. denied); Teal Trading Co. and Dev. Co. v Champee Springs Ranches 2014 Tex. App.-Lexis 2982 (Tex. App.-San Antonio 2014 pet. denied).

Under the doctrine of estoppel by deed the Appellees cannot now claim their deed included the 0.21 acres if the boundaries of the Clouse deed did not include the 0.21 acres.

The issues regarding the jury instructions are the same song, different verse. Juries don't construe or interpret unambiguous deeds. The trial court's instructions authorized the jury to construe the unambiguous Clouse deed and "determine that neither deed encompassed the 0.21 acres." The trial court further instructed the jury that they could consider evidence outside the four corners of the Clouse deed.

The Court's opinion states, "In this case, the Appellants do not dispute that instructions accurately state the law." Apparently, Appellants' arguments were not understood by this Court. Two-thirds of Appellants' brief was devoted to the proposition that unambiguous deeds are construed by the court as a matter of law. Juries don't decide if a deed is unambiguous and juries don't interpret unambiguous deeds. Those issues are determined by the court as a matter of law. Just because the instructions properly stated the law with regard to the ambiguous White deed doesn't mean the same instructions are proper for the unambiguous Clouse deed. To avoid any misunderstanding and to make it perfectly clear to this Court, Appellants violently and vehemently contend that the instructions are not proper with regard to the Clouse deed.

Possibly more distressing, if that is possible, is this Court's cursory dismissal of Appellants' point of error regarding the strip and gore instruction. Cursory because this Court doesn't even discuss whether strip and gore applied to the Clouse deed. Strip and gore didn't apply to the Clouse deed because the

Clouse deed was not ambiguous, the Turley's "reserved" all land north of the fence line after the 1965 sale to the Clouses, the .21 acres was included in a deed of trust to secure a Turley loan after the Clouse land sale and therefore had value to the Turleys, the Turleys did not sell all their land to the Clouses in 1965. The Turleys owned 55.87 acres. They sold 16.9221 acres to the Clouses in 1965. The Turleys sold the remaining 39.9479 acres to the Whites in 1969. The Turleys obviously did not sell all their land to the Clouses. see Cantley v Gulf Production Co. 143 S.W.2d 915 (Tex.1940). The only reason given by this Court for affirming the jury instruction is "the jury would be guided by the evidence in applying the instructions." Maybe this Court can legitimately disagree with Appellants' reasons why the ambiguity and strip and gore instructions do not apply to the Clouse deed. But ignoring the argument, facts and case law seems illegitimate. And you should read Mr. Miller's final argument if you think it didn't make a difference.

To summarize Appellants' analysis of this Court's opinion:

1. A person can obtain title to real property if there is a "dispute" and some evidence of "intention."

2. Deeds don't matter. All that matters is that there is a "dispute."

3. Juries can construe an unambiguous deed contrary to Luckel v White, supra, et al.

4. If the Clouses deed is ambiguous, not one word of this opinion explains why it's ambiguous or explains why both surveyors testified the Clouse deed was unambiguous and didn't include the 0.21 acres.

5. If a jury instruction is proper for one deed, it's proper for all deeds. The jury will be guided by the evidence.

The final issue is this Court's disposition of Issues 8 and 9.

> "Issue No. 8 The evidence proved conclusively as a matter of law that the 0.21 acres was included in the sale of the 38.9479 acres to Thomas David White, Sr. and Ida Faye White in 1969 and that Henry Turley, Louise Turley, Herbert Turley and Margaret Turley intended to sell

the .21 acres to Thomas David White, Sr. and Ida Faye White in 1969."

"Issue No. 9 The trial court erred in denying Tanita Kehoe's and David White's Motion for Judgment Notwithsanding the Verdict."

This Court listed six reasons why the evidence was sufficient to support the jury's findings. All 6 reasons rely on extrinsic evidence, i.e. evidence outside the four corners of the Clouse deed. If the Clouse deed is unambiguous, extrinsic evidence cannot support the jury findings. Also, if the Clouse deed is unambiguous the construction of the Clouse deed is a matter of law. Juries don't construe unambiguous deeds. Appellants' Issues 8 and 9 can be sustained only if this Court concludes the Clouse deed is unambiguous and does not include the 0.21 acres, i.e. the Court reverses the judgement. If the 1965 Clouse deed did include the 0.21 acres, the Turleys could not have sold the 0.21 acres to the Whites in 1969. Therefore, the proper standard to review Issues 8 and 9 is whether there is a disputed issue of fact regarding the "intention" of the Turleys to sell the 0.21 acres to the Whites if the White deed is ambiguous, assuming this Court reverses the judgment.

This Court apparently holds that any evidence of "intention" outside the four corners of the deed is sufficient to rebut the strip and gore presumption even if all the elements of strip and gore are proven. Appellants acknowledge the language in the Escondido Services LLC v VKM Holdings, 321 S.W.3d 102 (Tex. App. Eastland-2010) (not cited by Appellees) that supports the court's conclusion.

> "Having no access to the minerals under the strip after the conveyance to Crowley Farmland Partners it is reasonable to presume that the Crouches intended to include the strip in the conveyance. The burden then shifted to Appellant to present evidence that the Crouches did not intend to convey their mineral interest in the narrow strip to Crowley Farmland Partners." Escondido Services LLC v VKM Holdings, supra, 109.

The holding in Escondido appears to conflict with the language of the Texas Supreme Court in Cantley v Gulf Production Co, supra.

> "It is well known that separate ownership of long narrow strips of land, distinct from the land adjoining on each side, is a fruitful source of

presumed that a grantor has no intention of reserving a fee in a narrow strip of land adjoining the land conveyed when it ceases to be of use to him, <u>unless such fee is clearly reserved</u>. The reason for the rule is obvious. Where it appear that a grantor has conveyed all lands owned by him adjoining a narrow strip of land that has ceased to be of any benefit or importance to him, the presumption is that the grantor intended to include such strip in the conveyance; <u>unless it clearly appears in the deed, by plain and specific language, that the grantor intended to reserve the strip</u>." Cantley v Gulf Production Co. 143 S.W.2d 912 (Tex.1940) (emphasis supplied); see also, Angelo v Biscamp 441 S.W.2d 524 (Tex. 1996).

If all the elements of strip and gore are proven, the presumption is established and only a reservation in the deed can rebut the presumption.

Lastly, how did Appellees get the 0.21 acres? The Turleys owned 55.87 acres. No one disputes that the 0.21 acres was included in the 55.87 acres. The Turleys sold 16.9221 acres to the Clouses in 1965. Exhibit 8, Vol 6, R.R. The Clouse deed did not include the 0.21 acres. The Turleys sold all their remaining land to the Whites in 1969, 38.9479 acres. Exhibit 9, Vol. 6, R.R. 16.9221 acres plus 38.9479 acres equals 55.87 acres. If the 0.21 was not included in the Clouse deed, it had to be part of the White deed. What is the answer to that? The only possible answer is that the Clouse deed was ambiguous and included the 0.21 acres. All the evidence in this case including a review of the deed establishes the Clouse deed was unambiguous and did not include the 0.21 acres. This Court ignores the argument.

All of this is, of course, a futile gesture. Motions for Rehearing's are seldom granted, particularly when they are written by an angry, frustrated, politically incorrect and probably inept lawyer. But how would you feel if a trial judge submitted a jury issue that wasn't requested by opposing counsel and virtually guaranteed you would lose? How would you feel if your neighbor got (stole?) 0.21 acres of your property and an Appellate court said it was ok because there was a "dispute?" Why not write an opinion affirming the judgment but addressing the arguments and precedent? I don't think you can do it.

Linus Pauling published a model of the DNA molecule about a year before Crick and Watson. Scientists and chemists scrutinized Pauling's model and concluded it was wrong. Pauling eventually acknowledged it was wrong. Crick and Watson won the Nobel Prize for their DNA model. Science and law are not the same.

Appellants Tanita Kehoe and Thomas David White, Jr. pray that this court reconsider its disposition of Appellants' Issues 1, 2, 3, 4, 5, 8, and 9 and render judgment for Appellants that they own the 0.21 acres at issue in this case or reverse and remand, for Appellate costs and for such other and further relief to which Appellants may be entitled.

Respectfully submitted,

Bob Grove
P.O. Box 101
Boerne, TX. 78006
830-755-4502
Tex. Bar No. 08550000
bbgrove@hotmail.com